Estate of Charles Bryant, deceased. Appeal of George E. Bryant, Henry L. Bryant, Abbey E. Taylor, William E. Bryant, Jennie Bryant White, Charles E. Bryant, Frederick W. Bryant, nephews and nieces of Charles Bryant, deceased, and Carrie D. Matson, Frank E. Bryant, Anna Bryant, Hiram E. Bryant and Adeline F. Bussinger, grandnephews and nieces of Charles Bryant, deceased.

*Principal and agent—Compensation of agent—Decedent's estate.*

Where an agent by the sudden death of his principal without known heirs is left in sole charge of his principal's estate, he is entitled to compensation for services in connection with the estate until the persons entitled to the property are found and their rights established in the orphans' court.

Petition for reargument. The case is reported in 176 Pa. 309.

The petition of George Lodge represented that Captain Charles Bryant, at the time of his death, was possessed of certain real estate, situate in the city of Philadelphia; that at said time, and for a long time prior thereto, your petitioner had charge of the said real estate, the collection of the rents therefrom, the making of repairs thereto, and the general management of said real estate; that after the death of Captain Bryant your petitioner made efforts to find and secure the proper heirs of Captain Bryant, he having died intestate, and without generally known or recognized heirs; that the efforts of your petitioner were to have it lawfully established who were the proper and lawful heirs of Captain Bryant, to whom your petitioner should turn over the said real estate and account for the rents collected by your petitioner; that your petitioner employed William W. Ker, Esq., as his counsel, and agreed to pay him $500 for his services; that in company with said counsel, your petitioner went from Philadelphia to Halifax, from thence back to Philadelphia, from Philadelphia to London, England, from there making journeys to other places in England, and from London back to Philadelphia again, the whole

occupying thirty-three days of time; that during said journey and investigation the statements of witnesses were taken, two of which witnesses, whose testimony was thought to be material, were brought by your petitioner from London to Philadelphia, where they appeared before the orphans' court, gave their testimony, and then returned to England, and that the expenses of said two witnesses in traveling from London to Philadelphia and back again, and their board in Philadelphia for three weeks or over, were advanced and paid by your petitioner; that at the hearing before the auditing judge in the orphans' court your petitioner presented a claim for the expenses incurred by your petitioner in hunting up said testimony and bringing said witnesses to court, and presented an itemized bill therefor, and also made a claim for the time expended by your petitioner, the same being as follows:

| | |
|---|---|
| Amount expended, as per itemized bill, . . | $963.00 |
| Services of your petitioner, 33 days at $20 a day, | 660.00 |
| Amount promised Mr. Ker, but not yet paid, . | 500.00 |
| | $2,123.00 |

And the auditing judge, in passing upon said claim, awarded your petitioner the said sum of $963 only. That the orphans' court awarded the said estate to Mary Ann Ferris, et al., the English claimants; that George E. Bryant, et al., who were the Massachusetts claimants, filed their appeal in your honorable court of the term and number above set forth; that the full title of their said appeal is: "Appeal of George E. Bryant, Henry L. Bryant, Abbey E. Taylor, William E. Bryant, Jennie Bryant White, Charles R. Bryant, Frederick W. Bryant, nephews and nieces of Charles Bryant, deceased, and Carrie B. Matson, Frank E. Bryant, Anna Bryant, Hiram E. Bryant and Adeline F. Bussinger, grand-nephews and nieces of Charles Bryant, deceased, claimants to the estate, from decree of the orphans' court of Philadelphia county, awarding the estate to Ann Chance, et al., English claimants;" that the said appeal has been decided by your honorable court sustaining the said appeal, and that a petition for a rehearing was filed by and on behalf of the said Mary Ann Ferris, et al., who were the English claimants and appellees, but your petitioner is informed that the said petition has been refused.

Your petitioner is not named as one of the appellees in the said appeal, was not served with notice of said appeal, and was not before your honorable court as one of the appellees, nor was the said claim of or award to your petitioner in any way considered, except indirectly in connection with the said award to the English claimants, in which award your petitioner has no interest; but your petitioner is advised that the said appellants refuse to admit the said award or claim of your petitioner on the ground that the said award and claim were not allowed by your honorable court, and that the decision of your honorable court against the appellees was in effect a decision against your petitioner.

Your petitioner avers, that at the time of the death of the said Charles Bryant your petitioner was in charge of the real estate owned by the said decedent, and had in his possession certain moneys received from the rents of said real estate; that it was the duty of your petitioner to take every precaution to see that the said real estate and moneys passed into the possession of the lawful heirs of the decedent; that in the honest and faithful discharge of said duty, as your petitioner understood it, your petitioner expended the said sum of $963 in hunting for the lawful heirs of the decedent and investigating their claims, and promised and agreed to pay to William W. Ker, Esq., the said sum of $500 for his professional services in assisting your petitioner in said investigation, and for which amount your petitioner is personally responsible, and which investigation occupied thirty-three days of the time of your petitioner, which time was of the full value of $20.00 a day, as claimed by your petitioner.

Your petitioner has never appeared in your honorable court in the said case either as appellant, appellee, or petitioner for reargument, and he therefore prays that your honorable court will consider his said claim, and grant him a rehearing or reargument, or make such order and decree in regard to his said claim that justice may be done him in the premises.

*William W. Ker*, for George Lodge, petitioner.

*John G. Johnson*, with him *Samuel W. Cooper*, for appellants.

*J. Howard Gendell*, for administrator.

OPINION BY MR. JUSTICE MITCHELL, February 22, 1897 :

When this case was first argued, 176 Pa. 309, the contention was over the corpus of the estate, for which there were five sets of claimants, and the claim of George Lodge for services was treated in the argument as collateral to the case of the English claimants and naturally failing when that failed.   Our attention having been called more particularly to the situation of Lodge with regard to the property, we allowed a reargument on that point and are now satisfied that our previous decision did him injustice.   It appears that for several years before the death of Capt. Bryant, Lodge was his man of business for the collection of rents and the management of his real estate, as well as his confidential adviser in other matters.   The sudden death of Capt. Bryant without known heirs left Lodge in charge and quasi possession as an agent without a known principal, and therefore with at least a moral duty to look after the property for the real owner whoever he might prove to be.   This duty the orphans' court found that he had performed in good faith, and was entitled to be compensated for.   That he accepted the English claimants as the true heirs and endeavored to forward their claim may be excused in view of the fact that the learned court below took the same view.   One of the items which seemed most strongly to cast doubt on his good faith was his failure to mention the English heirs at the time the register was considering the subject of administration, but our attention has been called to the material bearing of the rest of his language on that occasion which was that William and David Bryant, stepsons of the decedent, were the nearest of kin and there were "no other heirs until further investigation."   The reticency of Capt. Bryant about his early history and family connections, might fairly excuse a witness in being cautious about answers on that subject.

As the result of further consideration of this subordinate part of the case we are not satisfied that the learned court below committed any error in holding that Lodge had rendered services to the estate for which he was entitled to be compensated, and in fixing the amount.

So much of the order of this court heretofore entered, as reverses the decree of the court below upon the claim of George Lodge is now rescinded, and the decree as to that item is af-

firmed. This order however to be without prejudice as to any intervening rights or action of the administrator, and in case the latter has accounted fully for the assets in his hands, the said George Lodge shall be entitled to retain the amount allowed him by the orphans' court and also the costs of this reargument out of any moneys of the estate in his hands from rents or other sources.